## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

KIMBERLY GAMBLE,
 *Plaintiff*,

v.                                      No. 3:22-cv-351 (VAB)

LOUIS DeJOY, POSTMASTER GENERAL,
 *Defendant*.

## RULING AND ORDER ON MOTION TO DISMISS, OR, IN THE ALTERNATIVE, TO TRANSFER

Kimberly Gamble ("Plaintiff") has sued the United States Post Office through its Postmaster General, Louis DeJoy ("USPS" or "Defendant"), for alleged violations of Title I of the Americans with Disabilities Act (the "ADA"), Section 504 of the Rehabilitation Act, and Title VII of the Civil Rights Act for employment discrimination arising from events when Ms. Gamble worked for the United States Post Office (the "USPS"). Defendant has moved to dismiss, arguing that venue is not proper in Connecticut, or in the alternative, that this action should be transferred to the Middle District of Alabama because Ms. Gamble was formerly employed by USPS in Alabama.

For the following reasons, the motion to dismiss for improper venue is **DENIED**.

The motion to transfer venue is **GRANTED**.

## I.      FACTUAL AND PROCEDURAL BACKGROUND

### A.  Factual Allegations

Ms. Gamble worked for the USPS in Dothan, Alabama, Third Amended Compl. ¶ 5, ECF No. 32 ("Compl."), from 2011 until 2019. She allegedly had to resign "after multiple complaints

1

about Postmaster Cox's ("PM Cox") ongoing harassment, discrimination, and retaliation which went unresolved by the USPS." *Id.* ¶¶ 19, 24. Ms. Gamble alleges that her disability and gender caused this treatment. *Id.* ¶¶ 47, 48.

In April 2019, Ms. Gamble applied for other USPS jobs in Connecticut, where her husband was working, but the USPS denied her the jobs and Ms. Gamble alleges this was due to continued discrimination and retaliation by USPS. *Id.* ¶¶ 217–21. On or about June 27, 2019, Ms. Gamble resigned because she felt that she had "no choice[.]" *Id.* ¶ 278. Ms. Gamble allegedly decided to move to Connecticut in September of 2019, and if she had still been working for USPS, she could have asked for a transfer to Connecticut. *Id.* ¶¶ 300, 301. She also alleges when she relocated to Connecticut, she was not properly considered "due to ongoing discrimination and retaliation." *Id.* ¶ 360.

### B.  Procedural History

On March 4, 2022, Ms. Gamble filed her Complaint. Compl., ECF No. 1.

On May 4, 2022, Ms. Gamble filed her first Amended Complaint. Amended Compl., ECF No. 9.

On August 31, 2022, Ms. Gamble filed her second Amended Complaint. Second Amended Compl., ECF No. 22.

On August 2, 2023, Ms. Gamble filed her third Amended Complaint, the operative Complaint. Compl.

On September 5, 2023, USPS filed this pending motion and a memorandum in support. Mot. to Dismiss for Improper Venue, ECF No. 35 ("Mot."); Mem. of L. in Supp. of Def.'s Mot. to Dismiss, ECF No. 35-1 ("Mem.").

On September 25, 2023, Ms. Gamble filed an objection. Pl. Mem. in Further Supp. of

Pl.'s Obj. to Def.'s Mot. to Dismiss, ECF No 37 ("Obj.").

USPS has not filed a reply.

## II.    STANDARD OF REVIEW

"In deciding a Rule 12(b)(3) motion to dismiss based on improper venue, [t]he court must take all allegations in the complaint as true, unless contradicted by the defendants' affidavits, and [w]hen an allegation is so challenged [a] court may examine facts outside the complaint to determine whether venue is proper." *Quinn v. Fishkin*, No. 3:14-cv-1092 (AWT), 2015 WL 4635770, at *3 (D. Conn. Aug. 4, 2015) (internal quotation marks and citation omitted). "[T]he court must draw all reasonable inferences and resolve all factual conflicts in favor of the plaintiff, who has the burden of showing that venue in the forum is proper." *Id*. (internal quotation marks and citation omitted).

"If the venue is not proper, the district court 'shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.'" *Id*. (quoting 28 U.S.C. § 1406(a)). "[I]mproper venue is a waivable issue, and any objection to venue is considered waived where not asserted in a defendant's responsive pleading, including a pre-answer motion to dismiss." *Peterson v. Wells Fargo Bank, N.A.*, No. 3:20-CV-781 (SRU), 2022 WL 972415, at *7 (D. Conn. Mar. 31, 2022) (citing Fed. R. Civ. P. 12(h)(1); 28 U.S.C. § 1406(b)).

## III.    DISCUSSION

28 U.S.C. § 1391 governs venue for all civil actions filed in federal courts. Subsection (a) states that this section is applicable "[e]xcept as otherwise provided by law[.]" 28 U.S.C. § 1391(a).  Subsection (b) ("Venue in general") states that a civil action may be brought in the judicial district in which (1) any defendant resides; (2) a substantial part of the events giving rise

to the action occurred; or, (3) if neither of those can be applied, any district where a defendant is subject to personal jurisdiction. *See* 28 U.S.C. § 1391(b).

"[V]enue is proper so long as the requirements of § 1391(b) are met[.]" *Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Tex.*, 571 U.S. 49, 57 (2013); *see also Daniel v. American Board of Emergency Medicine*, 428 F.3d 408, 434 (2d Cir. 2005) ("[V]enue may be based on . . . subsection [3] only if venue cannot be established in another district pursuant to any other venue provision." (citations omitted)); *Rose v. Myers*, No. 3:13-cv-419 (MPS), 2013 WL 6073627, at *1 (D. Conn. Nov. 18, 2013) (finding venue under § 1391(b)(3) improper where plaintiff did "not contend that there is no district in which [the] action may otherwise be brought").

Subsection (e) provides that in "[a]ctions where defendant is officer or employee of the United States . . . may, except as otherwise provided by law, be brought in any judicial district in which (A) a defendant in the action resides, (B) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (C) the plaintiff resides if no real property is involved in the action." 28 U.S.C. § 1391(e); *Keane v. Velarde*, No. 3:20-CV-00977 (VAB), 2021 WL 4248896, at *5 (D. Conn. Sept. 17, 2021).

### A.  Venue

"The general venue statute provides that an action against the United States may be brought, *inter alia*, where the plaintiff resides. That statute, however, does not govern federal employment discrimination actions brought under Title VII of the Civil Rights Act of 1964 or the Rehabilitation Act of 1973. Instead, the special venue provision of Title VII, set forth at 42 U.S.C. § 2000e–5(f)(3), determines where such actions lie." *Abramski v. Potter*, No. 3:05-CV-

4

224 (SRU), 2005 WL 3021926, at *2 (D. Conn. Oct. 31, 2005) (citations omitted). This statutory

provision also applies to disability discrimination claims brought under the Rehabilitation Act.

*See Bolar v. Frank*, 938 F.2d 377, 379 (2d Cir. 1991) ("Almost uniformly, courts considering

this question have applied section 2000e–5(f)(3) to determine venue in employment

discrimination actions premised on Title VII or, as in this case, the Rehabilitation Act.") (citing

cases).

> Each United States district court and each United States court of a place subject to the jurisdiction of the United States shall have jurisdiction of actions brought under this subchapter. Such an action may be brought [1] in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, [2] in the judicial district in which the employment records relevant to such practice are maintained and administered, or [3] in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office.

42 U.S.C.A. § 2000e–5(f)(e).

Defendant argues that venue is not proper in Connecticut under Rule 12(b)(3) because

this action "arises from Plaintiff's former employment with the United States Postal Service in

Dothan, Alabama." Mem. at 1. It argues that Ms. Gamble's residence is not a consideration for

Title VII or Rehabilitation Act venue. *Id.* at 3. USPS argues that the allegedly unlawful

employment acts occurred in Alabama, and that is where Ms. Gamble would still be employed if

not for such acts. *Id.* at 4–6. Defendant argues that because 28 U.S.C. § 1391 states that this

section is applicable "[e]xcept as otherwise provided by law[,]" and because Title VII has a

provision detailing where actions may be brought, venue is not proper under 42 U.S.C. § 2000e-

5(f)(3). *Id.* at 2–4.

In response,[1] Ms. Gamble argues that she has alleged discrimination and retaliation that occurred in this jurisdiction, making venue proper, and that were it not for Defendant's continuing discrimination and retaliation against her, she would be currently employed by USPS in the State of Connecticut. Obj. at 15. Ms. Gamble also argues that, as venue is proper here (in addition to in the state of Alabama), the Court should not transfer it because the § 1404(a) factors weigh heavily in favor of this Court retaining jurisdiction. *Id.* Finally, she argues that the Court should only transfer this case to the Federal District Court for the Middle District of Alabama as an alternative to dismissal. *Id.*

For the reasons described below, the Court finds that venue in Connecticut is improper under the first two prongs of 42 U.S.C.A. § 2000e-5(f)(e) but may be proper under the third prong.

As to the first factor, where the unlawful employment practice is alleged to have been committed, for Ms. Gamble's nine-year term of employment with the USPS, she worked in Alabama, Compl. ¶¶ 19, 24, 27, and Postmaster Cox's alleged "ongoing harassment, discrimination, and retaliation which went unresolved by the USPS" also occurred in Alabama, *id.* ¶ 19. Ms. Gamble did not decide to move to Connecticut until after her allegedly constructive discharge. *Id.* ¶ 300 ("Had Plaintiff not been discriminated against and retaliated against by PM Cox, and thus had she not felt she had no choice but to resign in June of 2019, Plaintiff would have still been working for USPS in September of 2019 when Plaintiff decided to move to Connecticut to join her husband."). Thus, Alabama, not Connecticut, is where the allegedly unlawful employment practices occurred. *See Wiley v. Paulson*, No. 06-CV-172 (DGT), 2007 WL 9718901, at *3 (E.D.N.Y. July 23, 2007) ("Typically, the employee sues in a district in the

---

[1] Ms. Gamble's sixty-page memorandum exceeds the page limit by twenty pages. *See* Local Rule 7(a)(5) "Except by order of the Court, memoranda . . . shall be no more than forty (40) 8 1/2" by 11" printed pages[.]"

state in which she had worked, and the employer moves to change venue to a district in the state in which employment decisions were made. In such situations, courts have generally refused to transfer venue, holding that venue is proper in the place where the effects of employment decisions were felt, thereby giving effect to plaintiffs' choice of venue.") (citing cases); *Abramski*, No. 3:05-CV-224 (SRU), 2005 WL 3021926, at *2 ("There is no dispute that Plaintiff was employed at the Postal Service in the State of California, and that the alleged unlawful employment practices took place there, not in Connecticut. As a result, the District of Connecticut is not the proper venue under the first prong of 42 U.S.C. § 2000e–5(f)(3).").

Accordingly, the District of Connecticut is not the proper venue under the first prong of 42 U.S.C. § 2000e–5(f)(3).

As to the second factor, where the employment records are maintained and administered, while neither party directly addresses this factor, as Ms. Gamble's entire employment history with USPS was in Alabama, none of her employment records would be in Connecticut.

Accordingly, the District of Connecticut is not the proper venue under the second prong of 42 U.S.C. § 2000e–5(f)(3).

As to the third factor, where Ms. Gamble would have worked but for the alleged discriminatory practice, taking Ms. Gamble's allegations as true, she applied for jobs in Connecticut that she would have accepted, if not for Defendant's alleged unlawful employment practice. *See* Obj. at 34 (listing reasons why "working in Connecticut was a near certainty . . . after Plaintiff relocated to Connecticut in January of 2020"). As a result, as to this factor, this case may be distinguishable from cases in this Circuit in which venue was found to be improper. *See*, *e.g.*, *Cook v. UBS Fin. Servs., Inc*., No. 05-CIV-8842 (SHS), 2006 WL 760284, at *4 (S.D.N.Y. Mar. 21, 2006) ("The third basis for Title VII venue is inapplicable because Fleming

never applied to work in New York."); *Abramski*, No. 3:05-CV-224 (SRU), 2005 WL 3021926, at *3 ("The Complaint makes no mention of Abramski's desire to work in Connecticut, nor does the Complaint suggest that Abramski would have worked in Connecticut had the Postal Service not engaged in the alleged unlawful employment practices. Therefore, the District of Connecticut is not the proper venue under the third prong of 42 U.S.C. § 2000e–5(f)(3)." (citations omitted)); *Ramos de Almeida v. Powell*, No. 01-CV-11630 (HB), 2002 WL 31834457, at *2 (S.D.N.Y. Dec. 16, 2002) (agreeing with the defendant that venue in New York improper because "if plaintiff had been hired, her employment would have been administered in the District of Columbia"); *but see Roland v. Margi Sys., Inc*., No. 00-CV-0341E(M), 2001 WL 241792, at *4 (W.D.N.Y. Feb. 28, 2001) ("but for the alleged unlawful employment practice, plaintiff would have continued to work for Margi out of her home in New York, this action is properly before this Court").

Accordingly, the District of Connecticut is a proper venue under the third prong of 42 U.S.C. § 2000e–5(f)(3), in addition to the Middle District of Alabama.

### B.  Transfer

Even if venue is not improper in the District of Connecticut, alternatively, the USPS seeks to have this case transferred. [2]

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404. "District courts have broad discretion in making determinations of convenience under Section 1404(a) and

---

[2] "[A] plaintiff's choice of forum is entitled to substantial deference." *Pollux Holding Ltd. v. Chase Manhattan Bank*, 329 F.3d 64, 70 (2d Cir. 2003). Such deference, however, "presupposes that venue is proper in the transferor district." *Daros v. Tokoyo*, No. 05-CV-775 (DLI/VVP), 2005 WL 1229734, at *2 (E.D.N.Y. May 23, 2005) (citing David D. Siegel, *Commentary on 1996 Amendment of Section 1404*); *see also* 17 Moore's Federal Practice § 111.02[1][b] (Matthew Bender 3d ed.) ("In order for § 1404(a) to be applicable the initial venue made by the plaintiff must be a proper one under the general venue statute § 1391. . . . If the chosen venue is improper, the action . . . is governed by § 1406(a)").

notions of convenience and fairness are considered on a case-by-case basis." *D.H. Blair & Co. v.*

*Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006).

> In exercising this discretion, district courts consider: (1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the convenience of parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, [and] (7) the relative means of the parties. Courts also routinely consider [8] judicial economy, [9] the interest of justice, and [10] the comparative familiarity of each district with the governing law.

*Hale v. Iancu*, No. 3:19-CV-1963 (VLB), 2021 WL 9405460, at *3 (D. Conn. Feb. 23, 2021)

(internal citations and quotation marks omitted) (citing *Synca Direct Inc. v. SCIL Animal Care*

*Co.*, No. 15-cv-2332 (RJS), 2015 WL 3883281, at *1 (S.D.N.Y. June 22, 2015)); *see also Dallas*

*X. Evans v. Absolute Results*, No. 21-CV-00280 (LLS), 2021 WL 603227, at *3 (S.D.N.Y. Feb.

12, 2021) ("In determining whether transfer is appropriate, courts consider the following factors:

(1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative

facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the

location of relevant documents and the relative ease of access to sources of proof; (6) the relative

means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded

to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the

totality of circumstances." (citing *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 458-59 (S.D.N.Y.

2011))). "The movant must establish the propriety of the transfer by clear and convincing

evidence." *Hale*, No. 3:19-CV-1963 (VLB), 2021 WL 9405460, at *3 (citing *New York Marine*

*& Gen. Ins. Co. v. Lafarge N. Am., Inc.*, 599 F.3d 102, 114 (2d Cir. 2010)).

Plaintiff argues that "Defendant has failed to establish by clear and convincing evidence

that transfer of this matter is proper except as an alternative to dismissal" and that the ten factors

weigh in favor of this Court retaining this case in Connecticut. Obj. at 41.

The Court disagrees.

       a.  <u>Plaintiff's choice of forum</u>

"Courts generally do not disturb a plaintiff's choice of forum unless other factors strongly favor transfer[.]" *Labonte v. TD Bank, N.A.*, No. 3:10-CV-1335 RNC, 2011 WL 3930296, at *2 (D. Conn. May 11, 2011) (citing cases); *see also Keane v. Velarde*, No. 3:20-CV-00977 (VAB), 2021 WL 4248896, at *6 (D. Conn. Sept. 17, 2021) ("although [c]ourts generally do not disturb a plaintiff's choice of forum, it is appropriate to do so when other factors strongly favor transfer." (citations and quotation marks omitted)). "When plaintiffs choose a forum that is not any plaintiff's home forum, that choice of forum is accorded considerably less weight." *Costello v. Home Depot U.S.A., Inc.*, 888 F. Supp. 2d 258, 267 (D. Conn. 2012) (citing *Iragorri v. United Technologies*, 274 F.3d 65, 71 (2d Cir. 2001)).

Here, Ms. Gamble argues that her chosen forum should be given deferential weight because she has chosen her home forum, as she now resides in Connecticut. *See* Obj. at 6 ("it was just after her constructive termination in late-June of 2019, that Plaintiff and her husband solidified their plans to relocate to Connecticut; by September 2019, they had rented the long-term housing in which they continue to reside today in Groton, Connecticut").

The Court disagrees.

The alleged discrimination and constructive discharge occurred when Ms. Gamble lived and worked in Alabama, and "a plaintiff's choice of forum is given less weight where the case's operative facts have little connection with the chosen forum." *Nova Grp., Inc. v. Universitas Educ.*, LLC, No. 3:11-CV-342 AWT, 2011 WL 5570793, at *1 (D. Conn. Nov. 16, 2011) (quoting *Alden Corp. v. Eazypower Corp.*, 294 F. Supp. 2d 233, 237 (D. Conn. 2003)).

Accordingly, the Court will not defer to Ms. Gamble's choice of forum. *See*, *e.g.*, *Dethier v. Nat'l Liquidators*, No. 3:09-CV-1507 (WWE), 2010 WL 991573, at *5 (D. Conn. Mar. 18, 2010) ("Plaintiffs' choice is not one substantively related to the merits of this case, but one of convenience.").

### b.  Convenience of the witnesses

"The convenience of the witnesses is generally considered the most important factor in determining whether a venue transfer is appropriate. The moving party must specifically identify witnesses in the transferring district upon which it will rely and state the likely contents of their testimony." *Labonte*, No. 3:10-CV-1335, 2011 WL 3930296, at *2; *Allstate Prop. & Cas. Ins. Co. v. Titeflex Corp.*, No. 3:14-CV-945 (MPS), 2015 WL 1825918, at *3 (D. Conn. Apr. 22, 2015). "To assess the convenience of the witnesses, the court examines the number of witnesses, their respective residence and the 'materiality, nature, and quality of each witness.'" *Dethier*, No. 3:09-CV-1507 (WWE), 2010 WL 991573, at *5 (quoting *Royal & Sunalliance v. British Airways*, 167 F. Supp. 2d 573, 577 (S.D.N.Y. 2001)).

Here, Ms. Gamble argues that USPS does not list any witnesses from Alabama that would need to testify. Ms. Gamble argues that "this factor weights in favor of Plaintiff because the only non-party witnesses are in Connecticut, not Alabama. Moreover, the only non-party witnesses in Alabama have already been deposed in the EEOC version of this same case, with USPS having had an opportunity to cross examine those witnesses whose testimony is now encapsulated in transcripts." Obj. at 45.

The Court disagrees.

All of the witnesses necessary to establish whether USPS discriminated against Ms. Gamble and forced her constructive discharge are in Alabama. Even if they have already been

deposed in the EEOC matter, their credibility will be crucial at a trial, making them key witnesses in determining liability. The witnesses in Connecticut that Ms. Gamble has listed that are friends, family, and healthcare providers go to the issue of damages, not liability.[3] *See McCrystal v. Barnwell Cnty., S. C.*, 422 F. Supp. 219, 223 (S.D.N.Y. 1976) ("The plaintiffs claim that their convenience should be given increased weight since their presence will be required to testify in response to the defendants' affirmative defenses. Insofar as they concern the plaintiffs directly, however, these defenses go to the question of damages and thus the plaintiffs' convenience must be subordinated to the convenience of those parties who will testify on the question of liability."); *Truk Int'l Fund, LP v. Wehlmann*, No. 08-CIV-8462 (PGG), 2009 WL 1456650, at *4 (S.D.N.Y. May 20, 2009) (discussing "critical non-party witnesses" who all worked in the transferee district)

Accordingly, the Court finds the convenience of the witnesses weighs in favor of transfer.

c. <u>Location of relevant documents and relative ease of access to sources of proof</u>

"[M]odern technology limits the weight of this factor: although the location of relevant documents is entitled to some weight, modern photocopying technology and electronic storage deprive this issue of practical or legal weight." *Wilson v. DirectBuy, Inc.*, 821 F. Supp. 2d 510, 517 (D. Conn. 2011).

Here, this factor has little weight, as records are transferrable electronically. *See*, *e.g.*, *Hale*, No. 3:19-CV-1963 (VLB), 2021 WL 9405460, at *6 ("This factor does not weigh in favor of transfer at all because the Defendant has not established that Plaintiff's employment records are in Virginia or that they are not in readily transferrable electronic form.").

Accordingly, the Court will give little weight to this factor.

---

[3] Ms. Gamble also claims that USPS employees at offices in New England where she applied will also be called as witnesses, Obj. at 47, 49, but as discussed below, this testimony, if found relevant at trial, can be provided remotely.

d.  Convenience of the parties

Ms. Gamble claims that she does not have the financial resources to litigate this case if it were to be transferred to Alabama. Obj. at 49 ("Transferring this action to Alabama would result in travel that Plaintiff can simply not afford and could result in the need for costly additional local counsel in addition to the travel costs for Plaintiff and her attorney." (citations omitted)). She argues that this factor therefore weighs in her favor. *Id*. at 19 ("to force Plaintiff to litigate her claim halfway across the country away from the witnesses still left to be deposed, is grossly unfair"). In addition, Ms. Gamble contends that this should further weigh in her favor because "both Plaintiff and Plaintiff's primary healthcare provider has signed an affidavit describing how traveling could impact Plaintiff's sleep and medication schedule which affect her disability of narcolepsy, and the associated conditions; in short, travel for this case would likely cause an impact on Plaintiff's health." *Id*. at 51 (citations omitted).

The Court disagrees.

While health concerns of a party can be an important factor, *see NGC Worldwide, Inc. v. Siamon, No*. 3:02-CV-1760 (JBA), 2003 WL 1987001, at *2 (D. Conn. Apr. 21, 2003) ("health concerns of a party or witness can be an important factor in the determination of whether a § 1404(a) transfer is proper"), Ms. Gamble has pointed that "[e]ven if a few of the Defendant's agents have to travel for deposition or trial, this is not considered to be a hardship; moreover, any hardship can be reduced by 'teleworking capabilities.'" Obj. at 47 (quoting *Hale*, No. 3:19-CV-1963 (VLB), 2021 WL 9405460 at *14). Ms. Gamble's arguments that "Plaintiff, her husband, her friends, her medical providers, and all of the New England based USPS employee witnesses in Connecticut *would need to travel* to Alabama for trial[,]" Obj. at 47 (emphasis in original), is unconvincing because the same "teleworking capabilities" apply to any USPS witnesses that

need to testify on the issue of liability, and all the other listed witness would only testify—if it became necessary—as to damages.

Indeed, even Ms. Gamble acknowledges that "[t]o some extent, no matter where this case resides, there will be a burden on some to travel or alternately, for testimony to be obtained via video conferencing[,]" and so this factor is neutral. *See Hale*, No. 3:19-CV-1963 (VLB), 2021 WL 9405460, at *6 ("The convenience of the parties is also neutral because the proposed transfer would shift the inconvenience from the Defendant to the Plaintiff. If the case were transferred, Plaintiff would now be required to travel and likely with a greater frequency than the Defendant's party witnesses.").

Accordingly, the Court finds that the convenience of the parties is neutral.

      e.   Locus of operative facts

"The locus of operative facts is an important factor to be considered in deciding where a case should be tried. To determine the locus of operative facts, courts look to where the events from which the claim arises." *Wilson v. DirectBuy, Inc.*, 821 F. Supp. 2d 510, 518 (D. Conn. 2011) (citations and internal quotations marks omitted).

Ms. Gamble claims that although she was employed by USPS in Alabama, and the alleged harassment and discrimination started there, the discrimination continued while she was in Connecticut. Obj. at 3, 4, 14, 16, 20, 22, 29.

The Court disagrees.

While perhaps not all the facts relevant to her claims of discrimination arose from USPS policies or practices in Alabama, the "locus of operative facts" all occurred in Alabama. *See* Compl. ¶¶ 19–304. Ms. Gamble brings an employment-related discrimination claim against USPS and she was employed for nine years at USPS in Alabama, and none in Connecticut. Any

employment-related discrimination that Ms. Gamble experienced in Connecticut do not sustain the crux of her claim. *See*, *e.g.*, *Dubnick v. Firestone Tire & Rubber Co. of California*, 355 F. Supp. 138, 141 (E.D.N.Y. 1973) ("[Plaintiff's] assertions of post-employment misconduct by Firestone, if proven, may possibly be relevant to the issue of damages arising from delay in procuring new employment should plaintiff succeed on his statutory claim; they are not additional causes of action under the Act which create venue in this district."). Any USPS decisions not to hire Ms. Gamble in Connecticut, furthermore, would have been related to the allegedly discriminatory policies or actions that occurred Alabama. *Cf. Jones v. Walgreen Co*., 463 F. Supp. 2d 267, 277 (D. Conn. 2006) ("While the locus of operative facts with respect to Ms. Jones is primarily in Connecticut, the Court must consider the fact that this case may become a nationwide class action. Because the allegations involve claims of pervasive and systemic discrimination, the Court finds that the locus of operative facts is likely to be in Illinois. Any systemic policy that resulted in unequal pay for female employees necessarily would have originated at the company's headquarters.").

Accordingly, the Court finds that the locus of operative facts weighs heavily in favor of transfer.

f.  <u>Availability of process to compel the attendance of unwilling witnesses</u>

Ms. Gamble argues that "Defendant has identified zero non-party witnesses it intends to call in Alabama. Further, USPS will not likely have any non-party witnesses it would need to compel into either court. Moreover, because USPS has not raised this issue, it is thereby waived. On the other hand, Plaintiff has identified several non-party witnesses, including, Plaintiff's primary care provider, VA therapist, other Connecticut-based witnesses who are non-parties, who if subpoenaed, could not be compelled to testify in Alabama due to the distance." Obj. at 53

15

(citations omitted).

As discussed above, however, the witnesses that Ms. Gamble has identified are mainly her treatment providers related to the issue of damages, not liability. Additionally, even if the issue of damages goes to trial, these witnesses could testify remotely or provide a videotaped deposition. *See Argent Funds Grp., LLC v. Schutt*, No. 3:05-CV-01456 (SRU), 2006 WL 2349464, at *5 (D. Conn. June 27, 2006) ("non-party witnesses who cannot be compelled to testify by subpoena can appear at trial through a videotaped deposition" (citing *Kodak Polychrome Graphics, LLC v. Southwest Precision Printers, Inc*., 2005 WL 2491571, at *3 (D. Conn. Oct. 7, 2005))).

g.  Relative means of the parties

For the reasons stated above regarding Ms. Gamble's financial means and health, this factor weighs in her favor.

h.  Judicial Economy, Interest of Justice, and Familiarity with Governing Law

"The interests of justice referenced in § 1404(a) are based on 'the totality of the circumstances,' are often considered independently from the other factors, 'and may be determinative in a particular case.'" *Roller Bearing Co. of Am. v. Am. Software, Inc*., 570 F. Supp. 2d 376, 390 (D. Conn. 2008) (quoting *TM Claims Serv. A/S/O v. KLM Royal Dutch Airlines*, 143 F. Supp. 2d 402, 406 (S.D.N.Y. 2001)).

Here, Ms. Gamble argues that Defendant has not established, or even argued, that the interest of justice weighs in favor of retaining jurisdiction of this case in Connecticut. Obj. at 56. She also argues that "given that the witnesses are evenly split between Alabama and Connecticut, it could be argued that this factor is a wash. But given that the non-party witnesses that may require subpoena are in Connecticut only, this factor should weight in favor of

16

Plaintiff." *Id.*

The Court disagrees.

Even though Defendant has submitted a response that does not address specifically all of the 1404 factors, Alabama is "the most logical place for it to be tried[.]" *Richman v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 441 F. Supp. 517, 520 (S.D.N.Y. 1977) ("For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought. There is no question that this action might have been brought in Nevada; indeed, that is the most logical place for it to be tried."). No party has disputed that the Middle District of Alabama is a proper venue for this case, and "the sheer expense and inconvenience of trying in this district an action with such a tenuous connection here and such a strong nexus to a distant forum dictates on practical grounds alone that transfer be granted." *Id.*; *see also Wexler v. Runyon*, No. 94 CIV. 7754 (LAP), 1996 WL 209978, at *1 (S.D.N.Y. Apr. 30, 1996) ("[T]his action properly lies in the District of New Jersey. I make this finding despite the fact that, liberally construed, plaintiff has stated a claim under the Age Discrimination and Employment Act, which claim would, ostensibly, render venue in this district proper. Convenience, fairness, and efficiency dictate that this case be heard in New Jersey.").

Accordingly, having weighed all of the relevant factors, the Court finds that the alternative relief of transfer of the case will be granted.

## IV.    CONCLUSION

For the foregoing reasons, the motion to dismiss for improper venue is **DENIED**.

The motion to transfer venue is **GRANTED**.

The Clerk of Court is respectfully directed to transfer this case to the Middle District of Alabama, and to close it here.

  **SO ORDERED** at New Haven, Connecticut, this 9th day of August, 2024.

/s/ Victor A. Bolden    
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE
